# COMPOSITE EXHIBIT A

FILED
11-16-2021
John Barrett
Clerk of Circuit Court
2021CV007040
Honorable Hannah C.
Dugan-31
Branch 31

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

| | |
|---|---|
| JENNIFER DEC,<br>8869 S Oak Park Drive, Apartment 20<br>Oak Creek, WI 53154, | **SUMMONS** |
| Plaintiff, | Case No.: |
| | Classification Code: 30301 |
| v. | |
| ENHANCED RECOVERY COMPANY, LLC,<br>8014 Bayberry Road<br>Jacksonville, FL 32256, | Amount claimed is greater than the<br>amount under Wis. Stat.<br>§ 799.01(1)(d). |
| Defendant. | |

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within twenty (20) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A

1

Judgment may be enforced as provided by law.  A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:   November 16, 2021                    ADEMI LLP

                                              By: *Electronically signed by Mark A. Eldridge*
                                                  Mark A. Eldridge (State Bar No. 1089944)
                                                  *Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

2

FILED
11-16-2021
John Barrett
Clerk of Circuit Court
2021CV007040
Honorable Hannah C.
Dugan-31
Branch 31

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE COUNTY**
**CIVIL DIVISION**

---

JENNIFER DEC,                                    :
8869 S Oak Park Drive, Apartment 20              :     **COMPLAINT**
Oak Creek, WI 53154,                             :
                                                 :     Case No.:_____
                   Plaintiff,                    :     Classification Code: 30301
                                                 :
             v.                                  :
                                                 :     **Jury Trial Demanded**
ENHANCED RECOVERY COMPANY, LLC,                  :
8014 Bayberry Road                               :     Amount claimed is greater than the
Jacksonville, FL 32256,                          :     amount under Wis. Stat.
                                                 :     § 799.01(1)(d).
                   Defendant.                    :

---

COMES NOW Plaintiff Jennifer Dec, by her Attorneys, Ademi LLP, and for her cause of

action, states as follows:

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and Wisconsin Consumer Act,

Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis.

Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in

Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County,

and Defendant attempted to collect a debt in connection with a consumer transaction that occurred

in Milwaukee County. Wis. Stat. §§ 801.50.

## PARTIES

3.      Plaintiff Jennifer Dec is an individual who resides in Milwaukee County.

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5.      Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt arose from consumer transaction that included agreements to defer payment.

6.      Defendant Enhanced Recovery Company, LLC ("ERC") is a debt collection agency with its principal offices located at 8014 Bayberry Road, Jacksonville, Florida 32256.

7.      ERC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      ERC is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9.      ERC is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## **FACTS**

10.     On or about February 24, 2021, ERC mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "US Cellular Corporation." A copy of this letter is attached to this Complaint as Exhibit A.

11.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12.     Upon information and belief, Exhibit A is a form debt collection letter used to attempt to collect alleged debts.

2

13.　Upon information and belief, <u>Exhibit A</u> was the first letter Defendant sent Plaintiff regarding the alleged debt to which the letter refers.

14.　<u>Exhibit A</u> includes the following representations, which largely reflect the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail alleged debtors along with, or within five days of, the initial communication:

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

15.　<u>Exhibit A</u> also includes the following representations:

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

16.　The statement "When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn for your account as soon as the same day we receive your payment" is false, deceptive, and misleading to an unsophisticated consumer.

17.　An unsophisticated consumer would understand the statement to mean that Defendants may process a post-dated check as an "electronic fund transfer," which may be processed "as soon as the same day we receive your payment" irrespective of the consumer post-dating the check.

3

18.     It is reasonable for an unsophisticated consumer to understand that a check processed as an "electronic fund transfer" would occur as soon as the date the payment instrument was received irrespective of postdating.  Indeed, Wis. Stat. § 404.401(3) states that a customer should give her bank notice that she is issuing a post-dated check or risk the possibility that the bank will charge the payment against her account before the date of the check:

> A bank may charge against the account of a customer a check that is otherwise properly payable from the account, even though payment was made before the date of the check, unless the customer has given notice to the bank of the postdating describing the check with reasonable certainty. The notice is effective for the period stated in s. 404.403 (2) for stop-payment orders, and must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it before the bank takes any action with respect to the check described in s. 404.303. If a bank charges against the account of a customer a check before the date stated in the notice of postdating, the bank is liable for damages for the loss resulting from its act. The loss may include damages for dishonor of subsequent items under s. 404.402.

19.     The representation that Defendant may process postdated checks on the date of receipt is false, deceptive, misleading, and unfair.  The FDCPA expressly prohibits "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."  15 U.S.C. § 1692f(4).

20.     <u>Exhibit A</u> also states:

February 24, 2021

| | |
|---|---|
| **Creditor:** | US Cellular Corporation |
| **Original Creditor:** | US Cellular Corporation |
| **Account Number:** | XXXXX8557 |
| **Amount of Debt:** | $2,159.23 |

21.     Further, <u>Exhibit A</u> additionally states:

Our records indicate that your balance with US Cellular Corporation remains unpaid; therefore, your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $1,403.50.

Upon receipt and clearance of $1,403.50, your account will be satisfied.

4

22.    Exhibit A states that the "payoff amount" is $1,403.50.

23.    The reference to a "payoff amount" of $1,403.50 is confusing and misleading.

24.    The normal meaning of the term "payoff amount" is the amount a consumer must pay to *satisfy the terms of the credit obligation* and completely pay off the debt. *See,* https://www.consumerfinance.gov/ask-cfpb/what-is-a-payoff-amount-is-my-payoff-amount-the-same-as-my-current-balance-en-205/ ("Your payoff amount is how much you will actually have to pay to **satisfy the terms of your mortgage loan and completely pay off your debt.**") (emphasis added).

25.    In contrast, the normal meaning of "settling" a debt is that the debt is permanently resolved in exchange for a payment of a portion, usually a percentage, of the alleged balance.

26.    The use of "payoff amount" to refer to a settlement offer amount in Exhibit A is especially confusing because Exhibit A also states that the "payoff amount" will result in the account being "satisfied."

27.    On the face of Exhibit A, it is unclear what will happen if the consumer makes a payment of the "payoff amount."

28.    The reference to the "payoff amount" suggests that the debt would be treated as though it had been paid in full.

29.    It is impossible to determine whether Defendant, or the creditor, could, or would, continue to report the "resolved" debt to consumer reporting agencies as "settled in full" or "paid in full." *See, e.g., Knight v. Midland Credit Mgmt.*, 755 Fed. Appx. 170, 175-76 (3d Cir. 2018).

30.    In credit reporting, a formerly delinquent account that is designated "paid in full" has a less-negative impact on the consumer's "creditworthiness" than the same account designated "settled in full for less than the full balance," with all other variables being equal.

5

31.     The consequences of misleading a consumer as to whether the account would be reported as "paid in full" or "settled in full" is material to the unsophisticated consumer "because it may affect whether a debtor makes a payment and which option he or she chooses." *Knight*, 755 Fed. Appx. at 176.

32.     Whether and how the debt would be credit reported is, by definition, a material term of a settlement offer and must be communicated clearly and effectively. *E.g., Nichols v. Northland Groups, Inc.*, 2006 U.S. Dist. LEXIS 15037, at *19 (N.D. Ill. Mar. 31, 2006) ("Requiring a clear statement of the settlement proposal, including the method by which the settlement amount is calculated, will not interfere with the debt collector's freedom to negotiate."); *Al v. Van Ru Credit Corp.*, 2018 U.S. Dist. LEXIS 70321, at *7-8 (E.D. Wis. Apr. 26, 2018) (discussing settlement offers and observing that, "Where the FDCPA requires clarity … ambiguity itself can prove a violation.") (quoting *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686-87 (7th Cir. 2017)); *see also, Smith v. Nat'l Enter. Sys., Inc.*, 2017 U.S. Dist. LEXIS 47701, at *13 (W.D. Okla. Mar. 30, 2017) (collection letter violated the FDCPA because "[a]ny consumer receiving the first letter would be left to wonder about a material term of the offer[.]"); *Dixon v. Law Office of J. Scott Watson P.C.*, 2018 U.S. Dist. LEXIS 18184, at *10-11 (E.D. Penn. Feb. 5, 2018) (settlement offer that specified initial installment amounts but left open the amount of later installments potentially violated the FDCPA), *cross motions for summary judgment denied by, Dixon v. Scott*, 2018 U.S. Dist. LEXIS 133076.

33.     Plaintiff was confused and misled by <u>Exhibit A</u>.

34.     The unsophisticated consumer would be confused and misled by <u>Exhibit A</u>.

6

## *The FDCPA*

35.     Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36.     The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991).

37.     Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993).

38.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

7

39.     15 U.S.C. § 1692e(2)(a) specifically prohibits the false representation of "the character, amount, or legal status" of an alleged debt.

40.     15 U.S.C. § 1692e(5) specifically prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."

41.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

42.     15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

43.     15 U.S.C. § 1692f(4) specifically prohibits any "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."

### *The WCA*

44.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

45.     Recognizing existing laws did not protect consumers in a manner consistent with the continuation of a realistic credit economy, the Wisconsin legislature enacted the Wisconsin Consumer Act to protect consumers against unfair, deceptive, and unconscionable business practices, and to encourage development of fair and economically sound practices in consumer transactions.  Wis. Stat. § 421.102(2); Thomas D. Crandall, "The Wisconsin Consumer Act: Wisconsin Consumer Credit Laws Before and After," 1973 Wis. L. Rev. 334, 334-35 (1973).

46.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed

8

and applied" in order "to induce compliance with the WCA and thereby promote its underlying objectives." Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

47.    To further the objectives underlying the WCA, the Wisconsin legislature has empowered the Wisconsin Department of Financial Institutions and the Wisconsin Department of Justice to bring actions against any person who violates the WCA, and has further provided Wisconsin consumers with an array of protections and legal remedies, including a private cause of action to temporarily or permanently enjoin conduct that violates the WCA or the federal consumer credit protection act and recover classwide statutory, actual, and punitive damages on behalf of all consumers who suffer similar injuries. Where a consumer seeks injunctive or declaratory relief, the WCA provides that "it shall not be a defense to an action brought under this section that there exists an adequate remedy at law." *See* Wis. Stats. §§ 421.102(1), 425.301, 425.401, 426.109(1), 426.110(1); 426.110(4)(e), 426.301.

48.    The private cause of action is essential to deterring violations and furthering the WCA's underlying objectives:

> The provisions of the WCA for private enforcement through the use of civil legal remedies by the individual consumer are some of the most important sections of the Act. The function of private enforcement is both to secure the rights of the individual and simultaneously to assist public authorities in achieving compliance for the ultimate benefit of all consumers.

Thomas D. Crandall, "Wisconsin Consumer Credit Laws Before and After the Consumer Act," 1973 Wis. L. Rev. 334, 376-77.

49.    Thus, private actions under the WCA benefit not only consumers whose rights have been violated and competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law, but also the public authorities and the public

9

generally, who would otherwise be burdened with the costs of using public resources to achieve compliance.

50.    Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

51.    Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

52.    Wis. Stat. § 421.108 provide: "Every agreement or duty within chs. 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith' means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

53.    Wis. Stat. § 426.110 provides, in relevant part:

(1)  … [A]ny customer affected by a violation of chs. 421 to 427 and 429 or of the rules promulgated pursuant thereto or by a violation of the federal consumer credit protection act, or by conduct of a kind described in sub. (2), may bring a civil action on behalf of himself or herself and all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429. [...]

(2) Actions may be maintained under this section against any person who in making, soliciting or enforcing consumer credit transactions engages in any of the following kinds of conduct:
                                        …
    (c) False, misleading, deceptive, or unconscionable conduct in enforcing debts or security interests arising from consumer credit transactions.

10

54.    Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

55.    Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct ... in such a manner as can reasonably be expected to threaten or harass the customer."

56.    Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

57.    Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

58.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

59.    By including the notice about electronic check conversion, which states "funds may be withdrawn for your account as soon as the same day we receive your payment," Exhibit A includes representations that are false, deceptive, and misleading and falsely threatens to deposit a post-dated check prior to the date authorized.

60.    Defendant thereby violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(4).

## COUNT II – WCA

61.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

11

62.     By including the notice about electronic check conversion, which states "funds may be withdrawn for your account as soon as the same day we receive your payment," Exhibit A falsely threatens to deposit a post-dated check prior to the date authorized

63.     Defendant violated Wis. Stat. §§ 421.108, 426.110, 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## COUNT III – FDCPA

64.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

65.     Exhibit A includes a settlement offer that is confusing and misleading as to how Defendant will credit report the resolution.

66.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), 1692f.

## COUNT IV – WCA

67.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68.     Exhibit A includes a settlement offer that is confusing and misleading as to how Defendant will report the resolution to credit reporting agencies.

69.     Defendant violated Wis. Stat. §§ 421.108, 426.110, 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

70.     Plaintiff brings this action on behalf of a Class, consisting of: (a) all natural persons in the State of Wisconsin (b) who were a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) from November 16, 2020 through the present, (e) that was not returned by the postal service.

12

71.    The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of each Class.

72.    There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members.

73.    Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

74.    Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

75.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

76.    Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)    actual damages;

(b)    statutory damages;

(c)    injunctive relief;

(d)    declaratory relief;

(e)    attorneys' fees, litigation expenses and costs of suit; and

(f)    such other or further relief as the Court deems proper.

Dated:  November 16, 2021

**ADEMI LLP**

13

By:     *Electronically signed by Mark A. Eldridge*
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

14

FILED
11-16-2021
John Barrett
Clerk of Circuit Court
2021CV007040
Honorable Hannah C.
Dugan-31
Branch 31

# EXHIBIT A



February 24, 2021

| | |
|---|---|
| **Creditor:** | US Cellular Corporation |
| **Original Creditor:** | US Cellular Corporation |
| **Account Number:** | XXXXX8557 |
| **Amount of Debt:** | $2,159.23 |
| **Reference Number:** | ████2734 |



JENNIFER DEC

Our records indicate that your balance with US Cellular Corporation remains unpaid; therefore, your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $1,403.50.

Upon receipt and clearance of $1,403.50, your account will be satisfied.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.



For self-service options, please visit our website at https://ssp.ercbpu.com.

Telephone: (800) 458-6916 Toll Free. All calls are recorded and may be monitored for training purposes.

Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241

Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm

Pay with cash at participating locations free of charge. See reverse for details.




**This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.**
**Nothing in this letter overrides, withdraws, or overshadows your right to dispute the debt.**
**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.
P.O. BOX 1259, Dept 98696
Oaks, PA 19456



| IF PAYING BY CREDIT OR DEBIT CARD, FILL OUT BELOW | | |
|---|---|---|
| OR IF PAYING BY CHECK OR MONEY ORDER PLEASE REMIT TO ADDRESS BELOW. | | BILL/U/3 ZIP |
| ☐ VISA   ☐ MC | | |
| CARD NUMBER | | |
| SIGNATURE | | EXP. DATE |

February 24, 2021

| REFERENCE NUMBER | AMOUNT PAID |
|---|---|
| ████2734 | $ |



JENNIFER DEC
8869 S OAK PARK DR
APT 20
OAK CREEK WI 53154-3837

147198 - 2537

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870

**Federal Notice:**

Pursuant to 15 U.S.C./1692g(a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

**Tennessee Residents:**

This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Minnesota Residents:**

This Collection Agency is licensed by the Minnesota Department of Commerce.

**North Carolina Residents:**

North Carolina Department of Insurance Permit Number: 103967.

**Colorado Residents:**

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/.

A consumer has the right to request in writing that a Debt Collector or Collection Agency cease further communication with the consumer. A written request to cease communication will not prohibit the Debt Collector or Collection Agency from taking any other action authorized by law to collect the debt. Local Address: 7200 S. Alton Way, Suite B180, Centennial, CO 80112, (303) 309-3839.

**Our Corporate Information is:**

Enhanced Recovery Company, LLC, Doing Business As, ERC® or Enhanced Resource Centers
8014 Bayberry Road
Jacksonville, FL 32256
https://ssp.ercbpo.com

**California Residents:**

The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at: 1-877-FTC-HELP or www.ftc.gov.

ERC® is a Service Provider under the California Consumer Privacy Act (CCPA). For more information regarding the data we collect and how we use it, please visit https://www.ercbpo.com/help/privacy-policy or call 1-800-507-0052.

**Massachusetts Residents:**

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 AM AND 5 PM EST, AT THE TELEPHONE NUMBER LISTED ON THE FRONT OF THIS NOTICE. LOCAL ADDRESS: 49 WINTER STREET, WEYMOUTH, MA 02188.

-----------------------------------------------------------

Cut on dotted line and bring this bottom PaySlip notice to make a payment.

## PAY WITH CASH AT PARTICIPATING CVS PHARMACY AND 7-ELEVEN STORES

There is no fee to make this payment - bring this notice with you.
Visit paynearme.com/locations to find participating locations. Payments could take up to 3 business days to post.

| CVS Pharmacy Cashier Instructions | Store Associate Instructions |
|---|---|
| 1. Scan barcode below | 1. Ask customer how much they want to pay |
| 2. Ask the customer how much they want to pay | 2. Press LOAD button |
| 3. Enter the amount and collect payment | 3. Scan barcode and collect payment |
| 4. Give the customer their receipt | 4. Return PaySlip and provide receipt |

♥CVS pharmacy

ELEVEN 7

M4UNPQ

LOAD LIKE GIFT CARD     M4UNPQ

PayNearMe

PayNearMe



Cashiers call (888) 342-0955 for PayNearMe cash payment help. Subject to terms of use at www.paynearme.com.
Please present only the barcode section of this remit slip to clerk. No additional information or details are necessary for the clerk to process the desired transaction amount.
ERC® is not responsible for any sharing of this information, by you, the consumer, to anyone including the party transacting this payment.
Enhanced Recovery Company, LLC Doing Business As, ERC® and Enhanced Resource Centers 8014 Bayberry Road, Jacksonville, FL 32256 (800) 464-0916



STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY
CIVIL DIVISION

JENNIFER DEC,                         :
8869 S Oak Park Drive, Apartment 20      :
Oak Creek, WI 53154,            :    Case No.: 2021CV007040
                               :
             Plaintiff,           :
                               :
             v.                 :    Hon. Hannah C. Dugan
                               :    Branch 31
ENHANCED RECOVERY COMPANY, LLC,    :
8014 Bayberry Road                  :
Jacksonville, FL 32256,          :
                               :
             Defendant.         :
                               :
                               :
                               :
                               :

## ACCEPTANCE OF SERVICE

       Rocky Landoll, hereby accepts and admits personal service of the Summons and Class Action Complaint filed on November 16, 2021, in the above-captioned matter on behalf of Defendant Enhanced Recovery Company, LLC.

       Landoll represents that he is authorized to accept and admit service on behalf of the Defendant and hereby waives any and all objections that service of process was improper. The Defendant expressly preserves, and does not waive, any and all other rights, objections, and defenses that it may have to the complaint including but not limited to the court's jurisdiction, and the venue of the action.

The Defendant understands that it must file an answer or motion in response to the complaint within 45 days of January 14, 2022 and is at risk of a default judgment if no responsive pleading is timely filed.

Dated this 14th day of January 2022.

**ENHANCED RECOVERY COMPANY LLC**

By: _Rocky Landoll_

Rocky Landoll
8014 Bayberry Road
Jacksonville, FL 32256
rlandoll@ercbpo.com
Phone No. 904-608-2591

2